**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

NASIR HAKEEM — CIVIL ACTION NO. 26-3843

VERSUS — JUDGE S. MAURICE HICKS, JR.

CHARLS WALL, ET AL. — MAGISTRATE JUDGE AYO

## MEMORANDUM ORDER

Before the Court is an "Emergency Motion for TRO and Preliminary Injunction" (Record Document 5) filed by Petitioner Nasir Hakeem ("Petitioner"). Petitioner seeks a temporary restraining order and a preliminary injunction requiring Respondents to release him from immigration detention under appropriate conditions of supervision and preserving this Court's ability to provide effective habeas relief. See id. at 1. He further seeks an order that Respondents not transfer him outside the Western District of Louisiana without advance notice and authorization of the Court. See id. at 8.

It is unclear when Petitioner entered the United States. In his Habeas Petition, he stated that he was arrested by ICE in 2014 and released on $10,000 bond. See Record Document 1 at 9. A final removal order was entered on April 4, 2018. See id. at 4. Petitioner stated that he filed an appeal with the Board of Immigration Appeals and it was dismissed in May 2020. See id. at 4-5. He was taken into immigration custody on May 15, 2026 and is currently being detained on an immigration charge at the Central Louisiana ICE Detention Center in Jena, Louisiana. See id. at 1, 4. He argues in his Habeas Petition that his continued detention without an individualized bond hearing violates due process. See id. at 6. He seeks immediate release from detention under appropriate conditions of supervision. See id. at 9.

An applicant for a Temporary Restraining Order ("TRO") and/or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks the injunctive relief of immediate release from immigration detention under appropriate conditions of supervision. Such relief is similar to the ultimate relief requested in his Habeas Petition. Another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.

> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong. . . . Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026). A ruling on the instant emergency motion should not resolve the legal disputes in this case as a whole. Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the Habeas Petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025). The issues raised in the motion are more appropriately addressed through the ordinary adjudication of the Habeas Petition.

As for the request to prohibit transfer, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that he will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is

reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's "Emergency Motion for TRO and Preliminary Injunction" (Record Document 5) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of October, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE