**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| NASIR HAKEEM | CIVIL ACTION NO. 26-3843 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHARLS WALL, ET AL. | MAGISTRATE JUDGE AYO |

**MEMORANDUM ORDER**

Before the Court is an "Amended Emergency Motion for Temporary Restraining Order and, in the Alternative, Preliminary Injunction" (Record Document 10) filed by Petitioner Nasir Hakeem ("Petitioner"). Petitioner seeks, among other things, a temporary restraining order or a preliminary injunction prohibiting Respondents from transferring him outside the Western District of Louisiana, an order directing the preservation of documents, and expedited consideration. See id.

Petitioner is a native and citizen of Pakistan. See Record Document 9 at 4. He entered the United States on August 5, 2001 through B1, B2 visa. See id. A removal order was entered on April 4, 2018. See id. The Board of Immigration Appeals dismissed Petitioner's appeal on May 21, 2020 and his removal order became administratively final. See id. He was taken into immigration custody on May 15, 2026 and is currently being detained on an immigration charge at the Central Louisiana ICE Detention Center in Jena, Louisiana. See Record Document 10 ay 2. He argues in his Amended Habeas Petition that his continued detention violates Zadvydas v. Davis, 533 U.S. 678 (2001). See id. at 5-6, 9. He further submits that his detention violates due process. See id. at 10. He seeks immediate release from detention under appropriate conditions of supervision. See id. at 14.

An applicant for a Temporary Restraining Order ("TRO") and/or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner again asks the Court to prohibit his transfer outside the Western District of Louisiana. As previously held, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that he will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025)

(citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

As to Petitioner's remaining requests, the Court finds he has not demonstrated that the extraordinary relief of a temporary restraining order and/or a preliminary injunction are warranted. His claims are better suited to be considered in the ordinary procedure relating to his Habeas Petition.

Accordingly,

**IT IS ORDERED** that Petitioner's "Amended Emergency Motion for Temporary Restraining Order and, in the Alternative, Preliminary Injunction" (Record Document 10) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of November, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE